**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-4636

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OLUSOLA OLLA,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paul W. Grimm, District Judge. (8:15-cr-00277-PWG-8)

Submitted: October 31, 2018                    Decided: November 7, 2018

Before GREGORY, Chief Judge, AGEE and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eugene Gorokhov, Ziran Zhang, BURNHAM & GOROKHOV, PLLC, Washington, D.C., for Appellant.  Robert K. Hur, United States Attorney, Baltimore, Maryland, Thomas P. Windom, Assistant United States Attorney, Ray D. McKenzie, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Olusola Olla was indicted for his role in a conspiracy that targeted older women and men through online dating sites and, through false stories and promises, convinced the victims to send money to the conspirators. A jury found him not guilty of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (2012), and conspiracy to commit promotional money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i), (h) (2012), but guilty of conspiracy to commit concealment money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), (h) (2012), and structuring currency transactions to avoid reporting requirements, in violation of 31 U.S.C. § 5324(a)(3) (2012). He was sentenced to 48 months in prison.

Olla challenges his convictions on appeal, arguing that a fatal variance existed between the concealment money laundering conspiracy offense charged in the superseding indictment and the proof at trial, that insufficient evidence supported his conviction on that conspiracy charge, and that the district court issued an improper willful blindness instruction to the jury.

A fatal variance—also known as a constructive amendment—occurs when the government (through argument or presentation of the evidence) or the district court (through jury instructions) "broadens the bases for conviction beyond those charged in the indictment," effectively amending the indictment to allow the defendant to be convicted of a crime other than the one charged, in violation of his Fifth Amendment right to be tried only on the charges made by the grand jury in the indictment. *United States v. Randall*, 171 F.3d 195, 203 (4th Cir. 1999). Divergence between the charges

and the Government's proof is not automatically a constructive amendment or fatal variance; when the facts proven at trial support a finding that the defendant committed the charged crime, and the allegations in the indictment differ in some way not essential to that conclusion, a mere variance has occurred. *See United States v. Miltier*, 882 F.3d 81, 93 (4th Cir. 2018), *cert. denied*, ___ U.S.L.W. ___ (U.S. Oct. 1, 2018) (No. 17-9189); *United States v. Allmendinger*, 706 F.3d 330, 339 (4th Cir. 2013). A variance violates the defendant's Fifth Amendment rights only if it prejudices him by surprising him at trial and hindering his defense, or "by exposing him to the danger of a second prosecution for the same offense." *Allmendinger*, 706 F.3d at 339. In considering a constructive amendment or fatal variance claim, the key inquiry is whether the defendant has been tried on charges other than those in the indictment. *See United States v. Moore*, 810 F.3d 932, 936 (4th Cir. 2016); *Allmendinger*, 706 F.3d at 339.

With these standards in mind, there is no merit to Olla's arguments that a fatal variance occurred because the Government charged but did not prove that he knew the romance fraud scheme was the source of the money in the money laundering conspiracy, or because there was evidence that some of the laundered money may have come from other schemes. Olla does not contend that the Government or the district court broadened the basis for convicting him of the money laundering conspiracy charge or tried him on some other charge, and the purported variances did not alter the elements of the offense. *See United States v. Burfoot*, 899 F.3d 326, 338-39 (4th Cir. 2018); *Randall*, 171 F.3d at 203.

Olla fares no better arguing about the sufficiency of the evidence on the concealment money laundering charge because, contrary to his claim, the Government did not have to prove that he knew about the romance fraud scheme. To convict, the Government had to prove that a conspiracy to commit concealment money laundering existed, that Olla knowingly joined, and—regarding what he knew about where the money being laundered came from—only that he knew the proceeds came from an illegal activity. *See United States v. Alerre*, 430 F.3d 681, 693-94 (4th Cir. 2005) (identifying elements for promotion money laundering conspiracy); *United States v. Campbell*, 977 F.2d 854, 858 (4th Cir. 1992) (concerning knowledge required to prove concealment money laundering). Because the Government did not have to establish that Olla knew about the romance fraud scheme, and because he has not argued that the Government failed to meet its burden on any of the actual elements of the concealment money laundering conspiracy offense, Olla's argument that there was insufficient evidence to convict him fails.

Olla's last argument is that the district court erred by issuing a willful blindness instruction to the jury when there was no evidentiary basis for one. The willful blindness doctrine imputes knowledge to defendants who purposely avoid knowledge of facts that would support a conviction. *See Global-Tech Appliances, Inc., v. SEB S.A.*, 563 U.S. 754, 766-67 (2011) (noting that doctrine is well-established in criminal law, and applying it to civil lawsuits for induced patent infringement); *United States v. Jinwright*, 683 F.3d 471, 478-79 (4th Cir. 2012).

As an initial matter, although Olla contends in his opening brief that the purportedly improper jury instruction requires reversal of both his money laundering conspiracy and structuring convictions, the Government correctly points out that the district court gave the instruction only for the charged conspiracy offenses. Olla does not dispute the point in his reply brief, and raises no other challenges to his structuring conviction. Because his single argument against it is off-target, we affirm the structuring conviction.

As for the conspiracy conviction, the district court instructed the jury that in determining whether Olla acted knowingly for the purposes of the conspiracy charges, it could consider whether he "engaged in 'willful blindness,' that is, whether he deliberately closed his eyes to what would otherwise have been obvious to him." (J.A. 1882); *see* (J.A. 1638).[*] Olla contends the instruction was improper because there was no evidence that he took "any affirmative step to avoid finding out the truth," but there are two problems with his argument. The first is that, as explained above, Olla has not accurately challenged the sufficiency of the evidence that he had *actual* knowledge that would support his conviction. He even suggests in his reply brief that two pieces of evidence would support a finding of actual knowledge that the money he received was illegitimate. Therefore, we can affirm Olla's conviction based on actual knowledge; any error in the willful blindness instruction would have been harmless. *See United States v. Lighty*, 616 F.3d 321, 378-79 (4th Cir. 2010).

---

[*] Citations to the "J.A." refer to the joint appendix submitted by the parties.

5

Olla fares no better if we consider the willful blindness instruction directly. He contends that the Government could not point to any affirmative acts by which he tried to avoid knowledge that the money going in and out of his bank accounts came from illegal activity, and could only point to omissions or instances when he failed to investigate or ask questions. But failures to act or investigate can constitute deliberate actions taken to avoid learning facts; a willful blindness instruction is appropriate if evidence indicates that a defendant deliberately maintains ignorance. *See United States v. Blair*, 661 F.3d 755, 778 (4th Cir. 2011); *United States v. Abbas*, 74 F.3d 506, 513-14 (4th Cir. 1996). The record contains sufficient evidence of Olla's deliberate ignorance to support the willful blindness instruction. *See United States v. Vinson*, 852 F.3d 333, 357 (4th Cir. 2017).

Accordingly, we affirm Olla's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*